UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERATION MOBILE
PREFERRED, LLC, GENERATION
MOBILE, LLC, and DIGICOM, INC.,

    Claimants,

v.

ROYE HOLDINGS, LLC and FRANK
ROYE,

    Movants,

v.

JOE BARBAT and RAID YOUSEF,

    Claimants.
_____/

Case No. 2:20-mc-51512
District Judge Nancy G. Edmunds
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION ON T-MOBILE'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT (ECF No. 12)

### I. Introduction

This is an action to enforce a subpoena issued to T-Mobile USA, Inc. (T-Mobile) related to an arbitration. Pending are Movants' (the Roye Parties) motion to compel compliance with the subpoena (ECF No. 5) to which T-Mobile has responded (ECF No. 11) and T-Mobile's motion to dismiss and/or for summary judgment (ECF No. 12) to which the Roye Parties have responded (ECF No. 16)

1

and T-Mobile has replied (ECF No. 19). Under 28 U.S.C. § 636(b)(1)(A), the motions have been referred for resolution. (ECF Nos. 7, 13).

This report and recommendation will address the motion to dismiss and/or for summary judgment. If adopted, the motion to compel will be the subject of a future report and recommendation. For the reasons that follow, the undersigned RECOMMENDS that T-Mobile's motion to dismiss and/or for summary judgment be DENIED.

## II. Background

On November 24, 2020, the arbitrator in the underlying arbitration issued a subpoena to T-Mobile. (ECF No. 1, PageID.5). At some point thereafter, T-Mobile informed the Roye Parties that it was not going to comply with the subpoena. As a result, the Roye Parties filed this miscellaneous action requesting the Court to issue a subpoena (ECF No. 1), which the Court did on January 6, 2021 (ECF No. 4).

According to the motion to compel, T-Mobile has failed to fully comply with the subpoena. *See* ECF No. 5. The subpoena ordered a T-Mobile representative to appear at a deposition conducted via Zoom and also ordered the production of a number of documents. *See* ECF No. 1-9. It appears that no deposition occurred and that while T-Mobile produced some documents, the Roye Parties did not view this as a complete production. *See* ECF No. 5. The Roye

2

Parties and T-Mobile were unable to resolve the discovery issues and the Roye Parties filed a motion to compel compliance with the subpoena to T-Mobile. (ECF No. 5).

In response to the Roye Parties' motion to compel, T-Mobile argued that this Court lacked subject matter jurisdiction to enter the January 6, 2021 subpoena and that the subpoena was procedurally defective. *See* ECF No. 11. At a June 17, 2021, telephonic status conference, the motion to compel was discussed and the Court ordered T-Mobile to file a motion to dismiss and for the Roye Parties to then file a response. T-Mobile filed a motion to dismiss and/or summary judgment (ECF No. 12), the Roye Parties responded (ECF No. 16), and T-Mobile replied (ECF No. 19).[1] The Court held an in-person hearing on October 13, 2021. Accordingly, the matter is now ready for consideration.

### III. Analysis

#### A. Subject Matter Jurisdiction

"Fed. R. Civ. P. 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d. 752, 759 (6th Cir. 2014). "A Rule 12(b)(1) motion for lack of subject matter jurisdiction can

---

[1] The Court extended briefing on the motion because the Roye Parties said that they believed the arbitration was close to resolution and if it was resolved, it would essentially moot this action. However, as the arbitration has not resolved to date, the Court moved forward with briefing and a hearing on the motion.

challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Id*. "A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis." *Id*.

> A factual attack challenges the factual existence of subject matter jurisdiction. In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case. Plaintiff bears the burden of establishing that subject matter jurisdiction exists.

*Id*. at 759-760 (citations omitted).

Here, T-Mobile has launched a factual attack. T-Mobile argues that this Court lacks subject matter jurisdiction over this action because (1) the Federal Arbitration Act (FAA) does not confer jurisdiction on federal courts and (2) the parties to the underlying arbitration are not diverse. *See* ECF No. 12. The Roye Parties concede point one. (ECF No. 16, PageID.353). However, as to point two, they argue that the Court should not look to whether the parties to the underlying arbitration are diverse, but should instead look to whether the parties in interest to the instant miscellaneous action are diverse, meaning the Roye Parties and T-Mobile. (*Id*.). T-Mobile does not appear to dispute that there is complete diversity between itself and the Roye Parties. T-Mobile is a Delaware corporation with its

principal place of business in Washington. (ECF No. 16, PageID.354). Whereas "Frank Roye, who is the sole member of Roye Holdings, LLC, is an individual, residing in Michigan." (*Id*.). The dispute regarding subject matter jurisdiction, thus, narrows to the inquiry of whether this Court must look to the citizenship of the parties to the underlying arbitration or the citizenship of T-Mobile and the Roye Parties.

T-Mobile relies on a report and recommendation, authored by then-Magistrate Judge Laurie J. Michelson, to argue that the relevant diversity is the diversity that exists between the parties to the underlying arbitration. *Schaieb v. Botsford Hosp.*, No. 2:12-mc-51165, 2012 WL 6966623, *1 (E.D. Mich. Nov. 13, 2012), *report and recommendation adopted*, 2013 WL 388172 (E.D. Mich. Jan. 31, 2013). *Schaieb* involved "an independent proceeding arising out of an on-going arbitration in which Petitioners are seeking to compel Respondent's compliance with a subpoena for documents issued by an American Arbitration Association Panel pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. ('FAA')." The underlying arbitration in *Schaieb* related to a dispute arising from the sale of Metro Home Health Care Network, Inc. by one of the petitioners, George Schaieb, to the respondent, Botsford Hospital. *Id*. The Arbitration panel issued a subpoena to Botsford for four categories of documents, which Botsford refused to produce. *Id*. As such, the petitioners initiated an action in district court

5

to compel Botsford to produce the requested documents. *Id*. Botsford responded by filing a motion to dismiss and/or for summary judgment arguing, in part, that the FAA did not confer the district court with jurisdiction.

The magistrate judge recommended that the district court grant the respondent's motion to dismiss and/or for summary judgment because "[t]he United States Supreme Court, the Sixth Circuit Court of Appeals, and numerous other federal courts have ruled that the FAA, including Section 7, does not create an independent basis for subject matter jurisdiction. Petitioners, however, make no attempt to establish diversity or federal question jurisdiction and instead rely solely on the provisions of the FAA." Here, unlike in *Schaieb*, the Roye Parties have made an attempt to establish diversity jurisdiction.

While the court in *Schaieb* did not directly address the question of diversity jurisdiction, it did make the following statement: "While Petitioners neglect to address the issue in their briefing, [Respondent] contends that all of the parties to the arbitration are Michigan citizens such that this conflict would not fall within the court's diversity jurisdiction." *Id*., at *5. Relying on this statement, T-Mobile argues that this Court has spoken on the relevant diversity inquiry. The Roye Parties argue that the statement in *Schaieb* is dicta and therefore not binding. The undersigned agrees with the Roye Parties, as explained below.

6

First, although district court cases and reports and recommendations may be persuasive authority, they are not binding. *See Smith v. Astrue*, 639 F. Supp. 2d 836, 842 (W.D. Mich. 2009). Rather, the decision on whether to follow persuasive authority

> turns on factors such as whether the persuasive authorities employ logical reasoning; whether they are internally consistent; whether they comport with established canons of construction or provide good reason for departing from such canons; whether they are consistent with a plain and sensible reading of any applicable provisions of the Constitution (taking into account the intent and understanding of the Framers), statutes (taking into account, when necessary and appropriate to clarify any ambiguity, the legislative history and intent), and regulations; and whether they comport with the letter and spirit of the binding precedents that govern the relevant area of the law.

*Jones v. Bell*, No. 1:07-cv-1258, 2008 WL 495317, at *3 (W.D. Mich. Feb. 20, 2008).

Here, the *Schaieb* court did not directly address the issue of how diversity jurisdiction is determined in an action such as this. Instead, the *Schaieb* court made only a passing reference to diversity jurisdiction that was not crucial to its ultimate decision in the case. Thus, its dicta statement as to diversity jurisdiction is not binding. Moreover, as will be explained, the dicta statement runs contrary to decisions from other circuits who have addressed the issue of which parties are relevant in determining whether diversity jurisdiction exists in an action to enforce a subpoena.

In *Wash. Nat'l Ins. Co. v OBEX Grp. LLC*, 958 F.3d. 126, 129 (2nd Cir. 2020), Washington National Insurance Company, a party to an arbitration, requested that the arbitration panel issue a summons to OBEX Group LLC and Randall Katzenstein to testify at a hearing and to bring with them specified documents. Neither appeared. *Id*. Accordingly, Washington National Insurance Company filed a petition in district court to enforce the subpoena. *Id*. Washington National Insurance Company invoked the court's diversity jurisdiction. *Id*. OBEX Group LLC and Katzenstein moved to dismiss the petition arguing "that the court lacked subject matter jurisdiction because it was required to 'look through' the section 7 petition to the parties to the underlying arbitration, which were not diverse." *Id*. The district court denied the motion and then later denied a motion to quash the summonses. *Id*. OBEX Group LLC and Katzenstein appealed the denial of both motions. *Id*.

On appeal, the Second Circuit held that "the district court correctly considered only the parties to the petition when ruling on the respondents' motion asserting lack of jurisdiction under section 1332." *Id*. at 134. In so holding, the court relied on its previous decision in *Hermès of Paris, Inc. v. Swain*, 367 F.3d 321, 324 (2nd Cir. 2017), where the Second Circuit stated "that in evaluating whether the requirement of complete diversity is satisfied, a court assessing its jurisdiction over an FAA petition is to 'look[ ] only to the citizenship of the parties

8

in the action before it'—that is, the 'parties to the petition to compel' as well as any indispensable parties who must be joined pursuant to Federal Rule of Civil Procedure 19." (quoting *Doctor's Associates, Inc. v. Distajo*, 66 F.3d 438, 445-446 (2d Cir. 1995)).

In addition, the Ninth Circuit has relied on *Washington National*. In *Maine Cmty. Health Options v. Albertsons Companies, Inc.*, 993 F.3d 720, 724 (9th Cir. 2021), the court considered the amount in controversy requirement[2] in an action under the FAA seeking enforcement of a subpoena. In that case, Maine Community Health Options (Health Options), an insurer, was engaged in an arbitration with Navitus Health Solutions, LLC, (Navitus) a pharmacy benefits manager. *Id*. at 722. "In the arbitration, Health Options sought to obtain information from Navitus about billings by pharmacies within Navitus's network, including the Albertsons Companies, alleging the information would show overcharges. Navitus claimed not to have the information, and the arbitrators issued a subpoena directing Albertsons to provide the requested documents." *Id*.

The Albertsons objected to the subpoena leading Health Options to file an "action in federal district court, invoking Section 7, which authorizes district courts

---

[2] While the parties' papers focused on the diversity requirement, the amount in controversy requirement is also met. As the Roye Parties note, they have received interim awards in the underlying arbitration of approximately $1.4 million and continue to seek damages in excess of the interim awards. *See* ECF No. 16, PageID.359-360.

to enforce third-party arbitration subpoenas." *Id*. "Health Options asserted diversity jurisdiction, claiming that the parties to the enforcement action (Health Options and Albertsons) were citizens of different states and that the amount in controversy exceeded $75,000." *Id*. The district court ultimately "found that Health Options failed to show the amount in controversy exceeded $75,000 and dismissed the action for want of subject matter jurisdiction. Because it is undisputed that there is diversity of citizenship, the only issue raised by Health Options on appeal is whether the amount-in-controversy requirement was satisfied." *Id*.

On appeal, the Ninth Circuit found that the amount-in-controversy requirement was satisfied. *Id*. at 722. In so doing, the Ninth Circuit stated, "we agree with the Second Circuit that the amount in controversy in a Section 7 enforcement action can be measured by either the benefit to the plaintiff or the detriment to the defendant that would result from enforcement of the subpoena." *See Wash. Nat'l Ins. Co. v. OBEX Grp. LLC*, 958 F.3d 126, 135 (2d Cir. 2020) (defining the amount in controversy in a nonmonetary claim as "the value of the object of the litigation") (cleaned up); *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977) (same)." *Id*. In order to make such a statement, the Ninth Circuit followed the Second Circuit's approach to determining diversity of citizenship, i.e. that it is the citizenship of the parties in

10

the federal court action to enforce the subpoena that matter for purposes of diversity jurisdiction.

Numerous other district courts outside of the Second and Ninth Circuits have agreed with this approach. In *Schottenstein v. Wells Fargo Bank, NA*, No. 20-mc-81924, 2020 WL 7399003, at *1 (S.D. Fla. Dec. 17, 2020), the petitioners, who were the respondents in the underlying arbitration, sought enforcement of arbitration subpoenas in district court. The petitioners argued that the district court had subject matter jurisdiction to enforce the arbitration subpoenas under 28 U.S.C. § 1332. *Id*. at *2-*3. The district court, concerned that it may lack subject matter jurisdiction, requested supplemental briefing on the matter. *Id*. at *3. After considering cases from outside the Eleventh Circuit, the court noted that "[t]here [was] an abundance of case law that [held] that the relevant inquiry is not whether the parties to the underlying arbitration are diverse, but rather whether the parties to the federal court action are diverse." *Id*. at *4. After applying this inquiry, the district court found that it lacked subject matter jurisdiction because the petitioners failed to establish that diversity jurisdiction existed. *Id*. at *6.

Similarly, in *Royal Merchant Holdings, LLC v. Traeger Pellet Grills, LLC*, No. 2:19-mc-00108; 2019 WL 2502937, at *1 (D. Utah June 17, 2019), *report and recommendation adopted*, 2019 WL 2774280 (D. Utah July 2, 2019), the petitioner filed an action in federal court to enforce a third-party arbitration subpoena. The

11

petitioner "assert[ed] that the Court ha[d] subject matter jurisdiction over the action because "the claims in the arbitration arise under federal law.' " *Id*. The district court raised the issue of subject matter jurisdiction at a hearing and requested supplemental briefing on the issue. *Id*. Ultimately, the district court determined that it "must look to the parties and amount in controversy in this action, without reference to the underlying arbitration, to determine whether subject matter jurisdiction exists." *Id*. at *5.

  Finally, in *In re Application of Ann Cianflone, Esquire, Hinman, Howard & Kattell, LLP for an Ord. Quashing a Subpoena issued on Nov. 19, 2014 by Joshua W. Martin*, No. 3:14-MC-63, 2014 WL 6883128, at *1 (N.D.N.Y. Dec. 4, 2014), the district court considered a petition brought to quash a subpoena issued by an arbitrator. The petitioners argued that both federal question and diversity jurisdiction existed in the action. *Id*. The district court found that neither type of subject matter jurisdiction existed. *Id*. at *2. Regarding diversity jurisdiction, the district court explained that even if the parties to the underlying arbitration were diverse, that was not the proper inquiry. *Id*. at *1. Instead, the district court explained, "the controversy before the Court is not the dispute forming the basis of the arbitration. Rather, the controversy before the Court is whether the arbitration subpoena should be enforced." *Id*. Ultimately, the court found that neither federal

12

question nor diversity jurisdiction existed in the matter and dismissed the matter for want of subject matter jurisdiction. *Id*. at *2.

The only court apparently standing alone in opposition to this collection of cases is the Seventh Circuit in dicta in *Amgen, Inc. v. Kidney Ctr. of Delaware Cty., Ltd.*, 95 F.3d 562, 567 (7th Cir. 1996). The *Amgen* court explained that "[t]he parties here disagree about the extent of an arbitrator's authority to summon witnesses to participate in prehearing discovery, and they dispute the extent of the federal courts' authority to enforce these summonses." *Id*. at 563. While the parties did not argue in the district court that it lacked subject matter jurisdiction, the respondent did advert to the issue on appeal. *Id*. at 567. The circuit court, therefore, addressed the issue without the benefit of "full briefing and argument." *Id*. The Seventh Circuit court first noted that the FAA "does not create subject matter jurisdiction for independent proceedings, whether they involve § 4 or § 7." *Id*. It then stated, "When a party to an arbitration initiates an independent proceeding, it must establish that the dispute that underlies the arbitration would come within the jurisdiction of the district court." *Id*.

In *Schottenstein*, discussed above, the court distinguished *Amgen*, stating that "in *Amgen*, neither of the parties to that action had directly addressed the question of subject matter jurisdiction and, therefore, the Seventh Circuit had to consider the issue of subject matter jurisdiction in the absence of briefing and

13

argument." *Schottenstein*, at *5. Here, like in *Schottenstein*, the issue of subject matter jurisdiction has been well briefed, and after being apprised of cases from around the country on this issue, the undersigned is persuaded that this Court has subject matter jurisdiction in the instant action. Accordingly, T-Mobile's motion to dismiss for lack of subject matter jurisdiction should be denied.

### B. Challenges to the Subpoena

T-Mobile also raises challenges to the subpoena, both in the instant motion and in responding to the Roye Parties' motion to compel. T-Mobile argues that the subpoena was not served in accordance with Fed. R. Civ. P. 45(b) and that the documents sought could be obtained from one of the parties in the underlying arbitration. *See* ECF No. 12, PageID.308-310. As stated at the hearing, the undersigned believes that these challenges are best addressed after the district court rules on the present report and recommendation.

### C. Attorney Fees

T-Mobile also requests attorney fees and costs under Fed. R. Civ. P. 11. T-Mobile quotes *Hall v. Cole*, 412 U.S. 1, 5 (1973), in which the Supreme Court held that "it is unquestioned that a federal court may award counsel fees to a successful party when his opponent has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons. . . .'" It also quotes Rule 11(b), which provides, in relevant part:

14

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. . . .

Fed. R. Civ. P. 11(b). Under Rule 11(c), "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c).

Given that the undersigned believes that there is subject matter jurisdiction in this action, it follows that attorney fees and costs are not warranted.

## V. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that T-Mobile's motion to dismiss and/or for summary judgment be DENIED and T-Mobile's request for attorney fees and costs also be DENIED.

Dated: October 29, 2021  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
  United States Magistrate Judge

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc.  If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 29, 2021.

                                          s/Marie E. Verlinde
                                          MARIE E. VERLINDE
                                          Case Manager