UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERATION MOBILE
PREFERRED, LLC, GENERATION
MOBILE, LLC, and DIGICOM, INC.,

      Claimants,                                  No. 20-mc-51512

v.                                                  Honorable Nancy G. Edmunds

ROYE HOLDINGS, LLC and
FRANK ROYE,

      Movants,

v.

JOE BARBAT and RAID YOUSEF,

      Claimants.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE
JUDGE'S OCTOBER 29, 2021 REPORT AND RECOMMENDATION [20]**

Movants Roye Holdings, LLC and Frank Roye ("the Roye parties") initiated this miscellaneous action to enforce a subpoena issued to T-Mobile USA, Inc. ("T-Mobile") in a pending arbitration under Section 7 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 7. The matter is now before the Court on Magistrate Judge Kimberly G. Altman's report and recommendation to deny T-Mobile's motion to dismiss and/or for summary judgment. (ECF No. 20.) T-Mobile has filed objections to the report and recommendation. (ECF No. 22.) Having conducted a *de novo* review of the parts of the Magistrate Judge's report to which specific objections have been filed, the Court OVERRULES T-Mobile's objections and ACCEPTS and ADOPTS the report and recommendation (ECF No. 20).

1

Accordingly, the Court DENIES T-Mobile's motion to dismiss and/or for summary judgment (ECF No. 12).

I.      **Background**

Claimants Generation Mobile Preferred, LLC, Generation Mobile, LLC, and Digicom, Inc. initiated arbitration proceedings against the Roye Parties on June 14, 2017.  (ECF No. 1-3.)  The arbitration relates to the September 2016 merger of three Sprint dealers, Generation Mobile, LLC, Digicom, Inc., and Roye Holdings, LLC, to form Generation Mobile Preferred, LLC.  The Roye parties filed a counterclaim against the claimants and a third-party complaint against the principals of Generation Mobile, LLC and Digicom, Inc., Joe Barbat and Raid Yousef.  (ECF No. 1-4.)  Both the demand for arbitration and the counterclaim and third-party complaint brought state law claims.  T-Mobile is not a party to the arbitration but according to the Roye parties, it became important to the case following the merger between Sprint and T-Mobile, which took place in August 2020.  (ECF No. 1, PageID.3.)  The Roye parties state T-Mobile holds information that will "either corroborate or discredit the arguments raised by the parties regarding the buyout, the interim valuation amount and the distribution of funds remaining in [Generation Mobile Preferred, LLC]'s bank accounts."  (*Id.* at PageID.5.)

On November 23, 2020, the arbitrator issued a subpoena requiring T-Mobile to produce certain responsive documents and to produce one or more representatives for deposition by certain deadlines.  (ECF No. 1-6.)  T-Mobile, however, informed the Roye parties that its policy is generally to refuse to recognize subpoenas issued in arbitration proceedings.  The Roye parties then initiated this miscellaneous action and filed their motion to issue subpoena, which was granted on January 6, 2021.  (ECF Nos. 1, 4.)

2

The Roye parties later filed a motion to compel, arguing T-Mobile failed to fully comply with the subpoena. (ECF No. 5.) In response to the motion to compel, T-Mobile argued this Court lacked subject matter jurisdiction to enter the January 6, 2021 subpoena and the subpoena was procedurally defective. After a telephonic status conference with the Magistrate Judge, T-Mobile filed its motion to dismiss and/or for summary judgment. (ECF No. 12.) After briefing was complete on this motion, the Magistrate Judge issued the present report and recommendation, addressing the issue of jurisdiction only. (ECF No. 20.) The motion to compel remains pending and will be addressed along with any arguments regarding the subpoena itself by the Magistrate Judge if the threshold issue of jurisdiction is resolved in favor of the Roye parties.

In their response to the motion to dismiss, the Roye parties concede the FAA does not confer jurisdiction on the federal courts but assert the Court has diversity jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between T-Mobile and the Roye parties and the amount in controversy requirement is satisfied. T-Mobile argues, however, that the Court must consider the citizenship of the parties to the underlying arbitration, who are not diverse, and not the parties to the present dispute. The Magistrate Judge ultimately concluded the relevant inquiry is the citizenship of the parties to this petition to enforce a subpoena. Because there is no dispute the parties here are diverse and the Magistrate Judge found the amount in controversy requirement is met, she recommends denying the motion to dismiss.

**II.    Standard of Review**

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.

3

The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1).

### III. Analysis

T-Mobile makes six "objections" to the report and recommendation. The first objection relates to an issue the Magistrate Judge has not yet addressed (whether the subpoena was procedurally defective) and the second objection relates to an issue the Roye parties conceded and the Magistrate Judge acknowledged (that the FAA does not confer jurisdiction on federal courts). Thus, these two objections are overruled.

Objections three and four concern the Magistrate Judge's conclusion that the Court must consider the citizenship of the parties to this miscellaneous action when determining diversity but consist in part of T-Mobile repeating the same arguments it made before the Magistrate Judge. "This Court is not obligated to address objections made in this form because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 U.S. Dist. LEXIS 44411, at *8 (W.D. Mich. Mar. 28, 2013) (citations omitted). Nonetheless, the Court has reviewed the report and recommendation and agrees with the Magistrate Judge.

The Sixth Circuit has not addressed the issue presented here and the Magistrate Judge correctly found that the court in *Schaieb v. Botsford Hosp.*, No. 2:12-mc-51165, 2012 U.S. Dist. LEXIS 185519, at *15 (E.D. Mich. Nov. 13, 2012), *adopted by* 2013 U.S. Dist. LEXIS 14059 (E.D. Mich. Jan. 31, 2013), only made a passing reference to the issue.

4

Thus, the Magistrate Judge properly relied on cases from other circuits that have addressed the issue more fully.  For example, in *Washington Nat'l Ins. Co. v. OBEX Grp. LLC*, 958 F.3d 126, 134 (2d Cir. 2020), the Second Circuit found the district court had properly considered the citizenship of only the parties to the petition to enforce a subpoena under § 7 when determining diversity.  In so doing, it relied on its earlier decision of *Hermès of Paris, Inc. v. Swain*, 867 F.3d 321, 326 (2d Cir. 2017), in which it held that "diversity is measured by reference to the parties to the petition to compel arbitration" under § 4 of the FAA.  T-Mobile argues this decision is based on an incorrect interpretation of the Supreme Court case of *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009), under which courts must "look through" a § 4 petition to the underlying substantive controversy to establish federal question jurisdiction.  But the Second Circuit is not the only circuit to find that *Vaden* does not apply in cases of diversity jurisdiction.  *See Northport Health Servs. of Ark. v. Rutherford*, 605 F.3d 483, 491 (8th Cir. 2010) (similarly concluding that diversity of citizenship in a § 4 suit is determined by looking at the parties named in the proceedings before the district court plus any indispensable parties).  And even in *ADT, LLC v. Richmond*, No. 21-10023, 2021 U.S. App. LEXIS 33431, at *7 n.6 (5th Cir. Nov. 21, 2021), in which the Fifth Circuit questioned the notion that *Vaden* applies only in federal question cases, the court similarly found only the citizenship of the parties to the § 4 suit relevant to the issue of diversity jurisdiction, *id.* at *10.[1]  In sum, because

---

[1] The concurring judge in *Richmond* agreed with the majority's ultimate conclusion but noted she "would arrive there on a shorter road: the 'look through' test of *Vaden* does not apply to diversity jurisdiction cases." *See Richmond*, 2021 U.S. App. LEXIS 33431, at *13 (Haynes, J., concurring) (citing *Swain*, 867 F.3d at 326; *Rutherford*, 605 F.3d at 491).

5

the Court agrees it must look at the citizenship of the parties to this enforcement action when determining diversity, T-Mobile's third and fourth objections are overruled.

Objections five and six relate to the amount in controversy requirement. But T-Mobile did not address this issue in its motion or reply and thus these arguments are waived.[2] *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (noting that absent compelling reasons, a party is not allowed to raise new arguments or issues that were not presented to the magistrate judge at the district court stage). Nonetheless, because the amount in controversy is critical to the issue of whether the Court has jurisdiction over this matter, the Court will address the issue. The Magistrate Judge stated the amount in controversy requirement is met because the Roye parties have received interim awards in the underlying arbitration in the amount of $1.4 million and continue to seek damages in excess of that amount. T-Mobile argues the Roye parties have not met their burden of establishing the amount in controversy.[3] T-Mobile also argues it is logically inconsistent to look at this action for the citizenship of the parties but at the underlying arbitration for the amount in controversy. In light of its position regarding the citizenship of the parties discussed above, T-Mobile ultimately believes the Court should look at the underlying arbitration for both.

As a general rule, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the

---

[2] Not only did T-Mobile not address the amount in controversy requirement in its briefing of the motion to dismiss, but it had previously indicated this requirement is met in its response to the Roye parties' motion to compel. (*See* ECF No. 11, PageID.258.)

[3] T-Mobile notes the Roye parties did not include any jurisdictional allegations in their initiating motion and had cited to the FAA without reference to diversity jurisdiction at the time.

6

litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). This determination is made "from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." *Woodmen of the Word/Omaha v. Scarbo*, 129 F. App'x 194, 195-96 (6th Cir. 2005) (citation omitted). In *Washington Nat'l Ins. Co.*, 958 F.3d at 135, the Second Circuit applied these general principles to consider the award sought in the underlying arbitration for purposes of the amount in controversy requirement in a § 7 suit. The court noted that "even if the documents required by the summonses pertain to only a small fraction of the [$134 million] sought, the amount in controversy requirement would still be satisfied." *Id.* at 135 (internal quotation marks and citation omitted).

The Court finds there is no inherent inconsistency in following *Washington Nat'l*'s approach of looking at the present dispute for the citizenship of the parties but at the underlying arbitration for the amount in controversy. In *CMH Homes, Inc. v. Goodner*, 729 F.3d 832, 836 (8th Cir. 2013), the Eighth Circuit extended *Vaden*'s "look through" principle to determine the amount in controversy in a suit to compel arbitration. This was despite its previous holding in *Rutherford*, 605 F.3d at 491, in which it found the diversity requirement is determined by the citizenship of the parties to the petition to compel arbitration itself. As one of several "sound reasons" for distinguishing between diversity of citizenship and the amount in controversy when applying § 4, the court noted the Supreme Court has observed "there is 'no inherent logical connection' between the requirement that parties be diverse and the requirement that the matter in controversy be valued above the jurisdictional minimum." *Goodner*, 729 F.3d at 836-37 (quoting *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 562 (2005)). The court

7

noted the purpose of the amount in controversy requirement is "'to ensure that a dispute is sufficiently important to warrant federal-court attention,'" which it found comparable in this respect to federal question jurisdiction. *Id.* Thus, the Court agrees it must look at the amount at issue in the underlying dispute to determine the amount in controversy.

Here, the Roye Parties state they have already received interim awards in an amount of approximately $1.4 million, all of which are subject to review at the arbitration hearing. (ECF No. 16, PageID.359.) They also state they are seeking substantial damages in excess of the interim awards and the information requested from T-Mobile will impact all aspects of the damages sought. (*Id.*) Thus, the amount in controversy requirement is met, and T-Mobile's fifth and sixth objections are overruled.

## IV. Conclusion

For the foregoing reasons, the Court OVERRULES T-Mobile's objections and ACCEPTS and ADOPTS the Magistrate Judge's report and recommendation (ECF No. 20). The Court therefore DENIES T-Mobile's motion to dismiss and/or for summary judgment (ECF No. 12).

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 26, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 26, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager